UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **BRYAN KEITH WILLIAMS**<br>    LA. DOC #515388<br>VS. | **CIVIL ACTION NO. 08-0355**<br><br>**SECTION P**<br><br>**JUDGE MINALDI** |
| **BEAUREGARD PARISH, ET AL.** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Bryan Keith Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 13, 2008.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the C. Paul Phelps Correctional Center (CPPCC), DeQuincy, Louisiana.  He complains that when he was a prisoner at the Beauregard Parish Jail (BPJ) in October 2006, he was the victim of excessive force at the hands of officers employed by the CPPCC who were assisting in a search conducted at the BPJ. He further states that he was denied prompt and appropriate medical care when he was a prisoner at the BPJ in October 2006.  Made defendants herein are Beauregard Parish, its Sheriff, M. Bolivar Bishop[2], BPJ Warden Galbreath, Barbara Huntington of the BPSO, and CPPCC

---

[1] Plaintiff dated his complaint and in forma pauperis application  October 10, 2007. [rec. doc. 1, p. 8 and rec. doc.  2, pp. 3-5] The certificate of accounts associated with the *in forma pauperis* affidavit was also signed on October 10, 2007. [rec. doc. 2, p. 6] Plaintiff's complaint and *in forma pauperis* application were mailed to the court via Express Mail from Nederland, Texas on March 12, 2008. [rec. doc. 1, p.9] The pleadings were received and filed on March 13, 2008. In his amended complaint [rec. doc. 11], plaintiff stated that he mailed his original complaint to both his wife and to the court.  He further stated that he did not know that the court had not received his complaint but that when it was discovered, his wife mailed her copy of the complaint to the court.  Plaintiff contends that his original filing with the court must have gotten lost in the mail.

[2] The court's memorandum order advised plaintiff that he did not state a cause of action against Beauregard Parish and its Sheriff, M. Bolivar Bishop.  More specifically, plaintiff was informed that he had alleged no fault on their part and that neither Beauregard Parish nor its Sheriff could be held liable solely for the actions of their employees. *Bryan County*, 520 U.S. at 405, 117 S.Ct. 1382. Plaintiff was further advised that Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights,

employees Master Sergeant William Perry and Lt. Jessie Bellamy.[3] Plaintiff seeks compensatory damages in an unspecified amount for "past, present, and future" injuries and for the costs of "the treatment required to rehabilitate plaintiff." [rec.doc.1 ¶ V].

Plaintiff's original complaint was insufficient in several aspects. Thus, on April 8, 2009, this court issued a memorandum order [rec. doc.6] instructing plaintiff to amend his complaint. Plaintiff did so on July 31, 2009 [rec.doc.11].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## Statement of the Case

On October 27, 2006, while incarcerated at BPJ, plaintiff states that there was a cell

---

privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. A plaintiff must allege three elements to state a claim through a Section 1983 action. *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir.1986). He must allege: (1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor. *id.* "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir.1994) (*en banc*).

 Municipalities, and by extension, Parishes, are "persons" within the meaning of § 1983. *Monell v. Dep't of Social Services. of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, these governmental entities are liable only for their own acts and not those attributed to them by principles of *respondeat superior*. *Id.* at 691-92, 98 S.Ct. 2018. "... Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018. The same is true for Parish Sheriffs.

 Therefore, a § 1983 plaintiff must, at a minimum allege that the complained of action was taken with the requisite degree of culpability; and he must allege a direct causal link between the action of the Parish (or the Sheriff) and the deprivation of federal rights. *Bd. of the County Comm's of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997);

 Causation sufficient to state a §1983 claim requires that the local government unit itself be the actor. Thus, the first inquiry in a municipal/parochial liability case is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Plaintiff's amended complaint did not correct this deficiency and thus, his claims against these defendants should be dismissed.

[3] In his amended complaint, plaintiff dismissed his claims against the unnamed Chief of Detectives of the Beauregard Parish Sheriff's Office, an unnamed "shift supervisor" of the BPSO, Warden Robert Henderson, Assistant Warden Roy Williams, and former Secretary of the Louisiana Department of Corrections, Richard Stalder.

block search conducted by officers from CPPCC. During the search, all of the inmates were restrained, moved from their cell to the cell block day room, seated at a table, told to remain quiet and to look at their feet. When defendant Perry inquired why plaintiff was not leaning forward and looking at the floor, plaintiff replied that he had a neck and back injury from a car wreck. Perry then slapped and grabbed the back of plaintiff's neck and forced his head into his lap. Words were exchanged between plaintiff and defendant Perry, followed by Perry choking plaintiff. At some point defendant Bellamy joined Perry and both men dragged plaintiff across the floor, making him kneel on the floor until the search was concluded. Thereafter, plaintiff states that his request for medical attention from defendants Huntington and Galbreath were denied.

## Law and Analysis

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the

court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

As previously discussed, plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state viable claims. His amended complaint partly clarified some of the noted deficiencies but certainly did not cure all of the defects of the complaint. Thus, accepting all of plaintiff's allegations as true, the court concludes that he has failed to state a claim for which relief may be granted in regard to his claims against Beauregard Parish, Sheriff Bishop, Barbara Huntington, and Warden Galbreath. Accordingly, those claims should be dismissed. Plaintiff's claims against Master Sergeant Perry and Lt. Bellamy should remain pending at this time as the court is still in need of additional information on those claims.

## IV. Medical Care

Plaintiff's claims of delayed, denied, or inadequate medical care are without merit. Medical care claims asserted by prisoners are analyzed under the Eighth Amendment. In order to succeed on a medical care claim such as plaintiff's herein, he must establish the defendants, in each instance, were "deliberately indifferent" to his serious medical condition.  It is only this deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Gregg v. Georgia*, 96 S.Ct. 2909 (1976); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).  In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*   A plaintiff's disagreement with the course of treatment offered by the medical staff does not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997);  *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather, supra; Varnado v.  Lynaugh,* 920 F.2d 320, 321 (5th Cir.  1992) citing *Johnson v.  Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).  Merely alleging a defendant should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)(A disagreement with a doctor over

5

the method and result of medical treatment does not require a finding of deliberate indifference). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra.*

In the instant case, plaintiff's claims regarding the lack of medical care are insufficient to establish that a constitutional violation has occurred. More specifically, plaintiff states after the incident in question, he spoke to both Nurse Huntington and Warden Galbreath, both of whom refused him medical care.  He also states that through November 1, 2006, he "asked everyday." The court assumes that plaintiff is alleging that he asked for medical treatment during this time. Plaintiff claims that he should have been assessed and examined by a medical professional after the use of force, and that he lives in pain.  Plaintiff's allegations, at most, state a disagreement amongst himself and the defendants regarding the procedures to treat his medical problems.  As previously stated, such claims do not establish a violation of the constitution. Accordingly, this court finds that plaintiff's claims against defendants Huntington and Galbreath  for denied medical care should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

## V.  Grievances

To the extent that plaintiff complains that Warden Galbreath did not respond to his grievances, such allegations do not implicate the constitution.  More specifically, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637, citing, *Flick v. Alba, et al,* 932 F.2d 728 (8th Cir. 1991).  The narrowing of prisoner due process

protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. See *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that the referenced individual did not have a duty to take action with regard to plaintiff's grievances. Consequently, any argument by plaintiff that the failure to answer his grievances violates his constitutional rights, lacks an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under §1983.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights claims against Beauregard Parish, its Sheriff, M. Bolivar Bishop, BPJ Warden Galbreath, and Barbara Huntington be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.§ 1915(e)(2)(B).

**IT IS ALSO RECOMMENDED** that plaintiff's civil rights claims against the unnamed Chief of Detectives of the Beauregard Parish Sheriff's Office, an unnamed "shift supervisor" of the BPSO, Warden Robert Henderson, Assistant Warden Roy Williams, and former Secretary of the Louisiana Department of Corrections, Richard Stalder be dismissed as per plaintiff's request contained in his amended complaint filed July 31, 2009.

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights claims against Master Sergeant William Perry and Lt. Jessie Bellamy remain pending at this time.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of January, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

Case 2:08-cv-00355-PM-KK   Document 12   Filed 01/20/10   Page 10 of 10 PageID #: 48