RECEIVED
IN LAKE CHARLES, LA.

MAR 17 2014

TONY R. MOORE, CLERK
BY\_\_\_\_\_PHL\_\_\_\_\_
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRYAN KEITH WILLIAMS** | * | **CIVIL ACTION NO. 2:08-CV-355** |
| **Plaintiff** | * | |
| V. | * | **JUDGE MINALDI** |
| **BEAUREGARD PARISH, ET AL.** | * | |
| **Defendants** | * | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

The plaintiff in this case, currently incarcerated at the Darrington Correctional Facility in Rosharon, Texas, filed his Complaint [Doc. 1] on March 12, 2008, against the defendants herein pursuant to 42 U.S.C. § 1983. On February 5, 2014, the court issued a writ of *habeas corpus ad testificandum* [Doc. 60], ordering the production of the plaintiff for trial, to be held on March 17, 2014.

On March 12, 2014, seeking to alleviate any logistical confusion between the U.S. Marshals service and Texas Department of Criminal Justice (TDCJ) personnel as to who was to bear the responsibility for the prisoner's transport, the court issued another order stating that TDCJ was "charged with the transportation and cost associated with the production of [the plaintiff]."[1]

Mike Flagor and Patricia Fleming, both TDCJ employees, advised chambers on March 12, 2014, that the TDCJ had no intention of complying with the court's order requesting the plaintiff's production. They stated that the only way that the plaintiff would be available for trial would be if the U.S. Marshals were to provide all transportation associated with the plaintiffs production, and if Texas were relieved of any costs related to the plaintiff's transportation. Mr.

---
[1] Order [Doc. 71].

1

Flagor and Ms. Fleming were advised at that time that TDCJ's failure to produce the plaintiff would result in contempt proceedings.

On March 17, 2014, TDCJ failed to produce the plaintiff for trial. Accordingly, as TDCJ personnel has flagrantly, knowingly, and intentionally violated a lawful order of this court, a finding of contempt of court at this time is appropriate.

## LAW & ANALYSIS

28 U.S.C. § 2241(c)(5) provides the statutory authority for a district court's issuance of a writ of *habeas corpus* to a prisoner where it is necessary to bring him into court to testify or for trial. Historically, the U.S. Marshals and state law enforcement have periodically disagreed over who is to bear the burdens and costs of prisoner transportation in such instances.

The Fifth Circuit has stated that "[o]nce the district court has determined that the prisoner's presence is essential, the possibility that a lack of transportation funds or personnel will develop is no justification for refusing to issue the writ." *Ballard v. Spradley*, 557 F.2d 476, 481 (5th Cir. 1977). In *Ballard*, the court, affirming the ruling of the district court, stated that

> [i]t was altogether reasonable to allot Florida the responsibility of transporting the prisoners from their place of state incarceration to a county jail convenient to the place of trial, and to the Marshals Service the responsibility for transporting them from the local jail to the federal courthouse, providing courtroom security, and returning them to the local jail.

*Ballard*, 557 F.2d at 481.[2] Shortly thereafter, in *ITEL Capital Corp. v. Dennis Mining Supply & Equip., Inc.*, 651 F.2d 405 (5th Cir. 1981), the Fifth Circuit, following the lead of the Seventh Circuit, stated that district courts possess the authority to issue writs of *habeas corpus ad testificandum* extraterritorially. *Id.* at 406-07 (*citing Carbo v. United States*, 364 U.S. 611 (1961)). Further demonstrating the district court's discretion in this regard, in *Story v. Robinson*,

---

[2] *See also Wiggins v. Cnty. of Alameda*, 717 F.2d 466, 469 (9th Cir. 1983) (concluding that "a district court judge has the discretion to allocate the costs of compliance with a writ *ad testificandum* in any number of combinations").

2

689 F.2d 1176 (3d Cir. 1982), the United States Court of Appeals for the Third Circuit affirmed a similar holding of a Pennsylvania District Court requiring the state custodians to transport prisoners in their custody to the county jail nearest the federal courthouse in order to be in compliance with a writ of *habeas corpus ad testificandum*. *See generally id.* at 1177 – 1181.

The question in *Pennsylvania Bureau of Corrections v. United States Marshals Service*, 474 U.S. 34 (1985), was "whether a United States district court may compel the United States Marshals Service to transport state prisoners to the federal courthouse to testify in an action brought under 42 U.S.C. § 1983 by a state prisoner against county officials." *Id.* at 35. This would seem uniquely on point. The Supreme Court of the United States therein found that there was

> no evidence in the language of [28 U.S.C.] §§ 2241 and 2243, in their legislative history, or in the common-law writ *ad testificandum* to suggest that courts are also empowered to cause third parties [such as the U.S. Marshals service] who are neither custodians nor parties to the litigation to bear the cost of producing the prisoner in a federal court.

*Id.* at 39. Thus, it actually seems that, in a situation such as the present one requiring the transport of a state prisoner to federal court in an action under 42 U.S.C. § 1983, the district court may actually be *prohibited* from ordering the marshals to collect the prisoner.[3]

Following the Court's decision in *Pennsylvania Bureau of Corrections*, federal courts began allocating more of the burden upon the states in this regard. For instance, in *Sales v. Marshall*, 873 F.2d 115 (6th Cir. 1989), the State of Ohio argued that 28 U.S.C. §§ 1821 and 1920 provided "authority for awarding as costs the expenses of transporting a state prisoner to a

---

[3] The Supreme Court further noted that the All Writs Act, 28 U.S.C. § 1651, also did not confer authority upon a district court "to order the Marshals to transport state prisoners from state prisons to the federal courthouse in the ordinary course of litigation in federal courts." *Pa. Bur. Of Corr.*, 474 U.S. at 40. However, the Court left some room for district courts to maneuver under the All Writs Act, stating that "[t]here may be exceptional circumstances in which a district court can show clearly the inadequacy of traditional habeas corpus writs, such as where there are serious security risks." *Id.* at 43.

federal court in response to a writ of *habeas corpus ad testificandum*." *Id.* at 117. The court rejected the State's argument, stating that the court was aware of "no rule that prohibits a court from requiring the custodian of a prisoner to transport the prisoner to court proceedings at the custodian's expense. This seems nothing more than an unexceptional cost of maintaining a prison system." *Id.* at 119.[4]

The recent trend has followed the line of reasoning found in *Sales*. A District Court for the Northern District of Florida recently stated that "[t]he law is settled that a district court has authority to compel a state official with custody of an inmate to produce the inmate for the purpose of giving testimony." *Baucham v. Florida*, No. 4:07-cv-550, 2008 U.S. Dist. LEXIS 70154, at *2 (N.D. Fla. Sept. 6, 2008) (citations omitted). The Eastern District of Texas has also noted that "writs of *habeas corpus ad testificandum* may be issued only to the custodian of the prisoner." *Calhoun v. Anderson*, No. 6:11-cv-4, 2011 U.S. Dist. LEXIS 40122, at *1-2 (E.D. Tex. Jan. 27, 2011) (*citing Pa. Bureau of Corr.*, 474 U.S. 34)).

It is to be noted that the fact that the prisoner, currently incarcerated in the TDCJ's Darrington Unit in Rosharon, Texas, is outside of the territorial jurisdiction of the court. TDCJ's position is that the court has no jurisdiction over TDCJ such that it can compel TDCJ to produce a prisoner, transport him across state lines, or bear any related costs. In this, the TDCJ is incorrect.

Most courts have now recognized that the Supreme Court's reasoning in *Carbo v. United States*—wherein the Court found that a California district court could issue a writ of *habeas corpus ad prosequendum* to a New York City prison official compelling the prisoner's production for trial in California—"applies equally to the writ[] of *habeas corpus ad*

---

[4] The *Sales* court also noted that 28 U.S.C. § 1821 "does not authorize a district court to tax as costs against a prisoner-litigant the expense of transporting that person from prison to court." *Sales*, 873 F.2d at 120.

*testificandum.*" *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 114 (4th Cir. 1988) (*citing Carbo*, 364 U.S. 611).

> The geographic limitation of the habeas power was specifically intended to apply only to the "Great Writ" and not to *habeas corpus ad prosequendum.* The power of the district court to issue the writ of *habeas corpus ad prosequendum* is not geographically restricted. The statutory antecedents for *habeas corpus ad prosequendum* and *habeas corpus ad testificandum* are exactly the same . . . . *Habeas corpus ad testificandum* is therefore not territorily limited by 28 U.S.C. § 2241(a).

*Muhammad*, 849 F.2d at 114 (*quoting Maurer v. Pitchess*, 530 F. Supp. 77 (C.D. Cal. 1981)). A consensus among the courts indicates support for the extraterritorial issuance of writs of *habeas corpus ad testificandum*. *Muhammad*, 849 F.2d at 114 (4th Cir. 1988); *ITEL Capital Corp.*, 651 F.2d at 406-07 (5th Cir. 1981); *Stone v. Morris*, 546 F.2d 730, 737 (7th Cir. 1976)). *See also Roe v. Operation Rescue*, 920 F.2d 213, 218 n.4 (3d Cir. 1990).

Given the foregoing, it is perhaps not surprising that the stated policies of both the TDCJ and the U.S. Marshals service appear to put the burden of transporting prisoners in these circumstances on the state custodians. The policy of the U.S. Marshals dictates that "the custodian of the prisoner is responsible for transporting and producing state or local prisoners in a federal civil case."[5] The TDCJ's website details the duties of the Offender Transportation division of TDCJ, whose mission it is to provide transport of all offenders.[6] The website specifically provides that "[t]he Offender Transportation Department is responsible for offender transfers to include . . . state and federal court appearances."[7]

Moreover, if there were any doubt as to the TDCJ's logistical and practical capability to deliver the prisoner in compliance with the writ, it should be noted that there are numerous

---

[5] FEDERAL WRITS FOR STATE PRISONERS, STATE PRISONERS IN FEDERAL CIVIL CASES, *available at* http://www.usmarshals.gov/prisoner/writs.htm.
[6] *See* TDCJ, CORR. INST. DIV., OFFENDER TRANSPORTATION, *available at* https://www.tdcj.state.tx.us/divisions/cid/cid_support_ops_offender_transport.html (last visited March 13, 2014).
[7] *Id.*

regional satellite offices for the Offender Transportation Division located in and around the State of Texas, one of which is located in Rosharon, where the prisoner in question herein is incarcerated.[8] The TDCJ's website boasts that this department operates a fleet of 121 buses, 64 vans, as well as special vehicles for the physically disabled, and transported more than 547,630 offenders over more than 4.6 million miles in fiscal year 2012.[9] They thus appear uniquely well-suited to comply with the writ in question.

"Civil contempt is designed to force the [disobedient party] to comply with an order of the court." *United States v. Abreu*, No. EP-06-CR-2576-DB, 2007 U.S. Dist. LEXIS 36931, at *11 (W.D. Tex. Mar. 1, 2007) (*citing Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992)). The Fifth Circuit has stated that the elements of civil contempt are "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 264 (*citing Fed. Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)). "While the criminal contempt power is limited by 18 U.S.C. § 401, civil contempt remains a creature of inherent power." *Id.* at 265 (citations omitted). "Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion . . . must be left to a court in the enforcement of its decrees." *United States v. Alcoa, Inc.*, 533 F.3d 278, 287 (5th Cir. 2008) (citation omitted).

Imprisonment is available for both civil and criminal contempt. "If the prison term is conditional and coercive, the character of the contempt is civil; if it is backward-looking and unconditional it is criminal." *Ingalls*, 588 F.3d at 263 (*citing Shillitani v. United States*, 384 U.S. 364, 366 (1966)). Fines are also permissible, either in a lump sum—generally indicating

---

[8] *Id.*
[9] *Id.*

criminal contempt—or to accrue on an ongoing basis in response to noncompliance—generally indicating civil contempt. *Id.* (*citing Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 527, 530-31 (5th Cir. 1992); *Hunt v. Hunt (In re Hunt)*, 754 F.2d 1290, 1293 (5th Cir. 1985)). Accordingly,

**IT IS ORDERED** that the Texas Department of Criminal Justice be and hereby is in civil contempt of court, and is hereby fined in the amount of $10,000.00 (TEN THOUSAND DOLLARS) per day until such time as the plaintiff is produced before the court.

**IT IS FURTHER ORDERED** that if the plaintiff is not produced by 4:00 p.m. on Friday, March 21, 2014, further contempt proceedings shall be held at which time the court will seriously consider the imprisonment of Texas Department of Criminal Justice personnel in order to compel their compliance with this court's order.

**IT IS FURTHER ORDERED** that the Texas Department of Criminal Justice be and hereby is fined in an amount equal to the costs associated with the summoning of the jury.

**IT IS FURTHER ORDERED** that the Texas Department of Criminal Justice be and hereby is fined in an amount equal to the costs of the proceeding held in the above captioned matter on March 17, 2014.

Lake Charles, Louisiana, this 17 day of March, 2014.

CC: Texas Department of Criminal Justice
Mike Flagor    via Fax & mail
Patricia Fleming  via Fax & mail
Worden, Darrins ton Correctional Institution
        via Fax & mail

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE