UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRIAN K. WILLIAM** : | | **DOCKET NO. 08-cv-0355** |
| LA DOC # 5153888 | | SECTION P |
| **VERSUS** : | | **JUDGE MINALDI** |
| **BEAUREGARD PARISH, ET AL** : | | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment seeking the dismissal of a civil suit filed by the plaintiff, Brian K. Williams ("plaintiff") pursuant to 42 USC §1983. The motion was filed by the defendant William Perry on May 12, 2015. Plaintiff has filed an opposition. For the reasons that follow, we recommend that defendant's Motion for Summary Judgment be **GRANTED**, and that plaintiff's action be **DISMISSED**.

### I.
### BACKGROUND

Plaintiff filed suit on October 10, 2007,[1] for claims arising out of an incident on October 27, 2006 in the Beauregard Parish jail. Doc. 1, p. 6. Plaintiff alleges that he suffered injury after he was abused by guards Jessie Bellamy and William Perry. Doc. 1, p. 6-7. Following initial

---

[1] While the pleadings in this case were initially received and filed on March 12-13, 2008, plaintiff's complaint and *in forma pauperis* application are dated October 10, 2007. *See* Doc. 1, p. 8-9; doc. 2, p. 3-5. The certificate of accounts associated with the *in forma pauperis* affidavit was also signed on October 10, 2007. Doc. 2, p. 6. In his amended complaint [doc. 11], plaintiff stated that he mailed his original complaint to both his wife and to the court, but the court never received it. He further stated that when he discovered the error, his wife mailed her copy of the complaint to the court. Plaintiff contends that his original filing must have been lost in the mail. As *pro se* litigants are generally granted some degree of leniency, particularly in procedural matters, we will treat the petition as if it were timely filed on October 10, 2007. *See e.g. Gallegos v. State of La. Code of Criminal Procedures Art. 658 Paragraph A and C(4)*, 858 F.2d 1091 (5th Cir. 1988).

review, the court dismissed several named defendants but allowed the suit to proceed against Bellamy and Perry. Doc. 16. The court issued an order allowing service of process on these two defendants. Doc. 18. Defendant Bellamy was served but Perry's summons was returned unexecuted. Doc. 26. Since Perry no longer worked at the jail, plaintiff was unable to obtain his address. Doc. 49, p. 2. On April 2, 2012, the court issued a notice of intent to dismiss Perry for failure to serve within one hundred and twenty days. Doc. 29. On August 20, 2012, the court ordered the dismissal of Perry. Doc. 31. Plaintiff was later able to locate an address for Perry because he was included on Bellamy's witness list. Doc. 49, p. 2.

Thereafter plaintiff filed a motion to amend in order to re-name Perry as a defendant which the court later granted. Doc. 45. Perry was served on February 21, 2014. *See* Docs. 48, 56, and 79. A jury trial was held on June 23, 2014, and the jury found that Jessie Bellamy was not liable to plaintiff. Doc. 80, p. 3. Judgment was issued dismissing Bellamy from the suit. Doc. 118. The jury could not return a verdict on the claims against William Perry who was thereafter granted leave to submit a motion on the issue of prescription. *Id*. That motion is currently before us.

As Perry was re-named on December 18, 2013, several years after the filing of this suit, he argues that plaintiff's claim against him has prescribed and should therefore be dismissed. Doc. 132. Perry asserts that the jury's determination that Bellamy was without fault indicated Perry was not a joint tortfeasor, against whom prescription would ordinarily be interrupted upon the filing of suit against Bellamy. Doc. 132, p. 2. Accordingly, Perry argues that the "[p]laintiff did not file a petition which interrupted prescription on his claim against Perry until December 18, 2013," when he was re-named as a defendant after having been earlier dismissed for plaintiff's failure to serve. *Id*. Since that date came more than one year after the alleged injury, Perry asserts that the claim has prescribed. *Id*.

While plaintiff's opposition does not address the defendant's key argument, prescription, but merely reiterates the facts of the case and asks us to consider oral arguments on the matter. Doc. 136.

## II.
## LAW & ANALYSIS

### A. *Summary Judgment*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party…." *Id*.

In determining whether to grant a motion for summary judgment, the motion "cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.

1985) (citing *John v. La. Bd. Of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985)). When faced with an absence of proof, there is no assumption made that the nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Nonetheless, "[i]f the [nonmoving party] does not…respond, summary judgment, should, if appropriate, be entered against that party." *See* Fed. R. Civ. P. 56(e)(2).

Where the nonmoving party has not responded, the Local Rules for the Western District of Louisiana provide that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." Unif. Loc. R. La. LR 56.2. As noted above, insofar as the plaintiff has failed to address any of the defendant's prescription arguments, we find the document to be nonresponsive and it will be treated as such. Accordingly, the statement of uncontested facts presented by defendants herein are deemed admitted.

### B. *Interruption of Prescription*

Since there is no federal statute of limitations, the applicable statute in a 42 USC § 1983 action is the forum state's personal injury limitation period, which in Louisiana is one year. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)). Nonetheless, while state law determines the limitations period, federal law governs the accrual of a § 1983 action. *Id*. at 319. Under federal law, a § 1983 action begins to run when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). Here, we have already determined that suit was timely filed against Bellamy and Perry on October 10, 2007. Thus the only issue we must now consider is whether prescription against Perry was interrupted

so as to preserve the plaintiff's claim against him. More specifically, we must determine whether Bellamy and Perry were joint tortfeasors as plaintiff alleges.

In Louisiana, the filing of suit against one joint tortfeasor generally interrupts prescription as to all other joint tortfeasors. *See* La. C.C. art 2324; and *see Renfroe v. State ex rel Dept. of Transp. and Development*, 809 So.2d 947, 950 (La. 2002). However, the Louisiana Supreme Court, has held that "a suit timely filed against one defendant does not interrupt prescription against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist." *Id*. (citing *Spott v. Otis Elevator Co.*, 601 So.2d 1355 (La. 1992)).

Here the original petition was timely filed against the alleged joint tortfeasors Bellamy and Perry on October 10, 2007, but Perry was then dismissed for lack of service and was not brought back into the lawsuit until December 18, 2013, clearly beyond the applicable one year prescriptive period.  Without service on Perry, prescription on the plaintiff's claim against Perry would have continued to run even after Bellamy was served unless Perry and Bellamy were joint tortfeasors against whom prescription is interrupted by the timely suit against either.  Here, the record clearly shows that the jury found that Bellamy was not liable to plaintiff, thus he could not have been a joint tortfeasor with Perry. Accordingly, under Louisiana law as explained by the court in *Renfroe*, 809 So.2d at 950, prescription on the plaintiff's claim against Perry was never interrupted and it prescribed one year after the alleged injury on October 27, 2007.

The defendant having met his burden of showing that the plaintiff's claim against him has prescribed, it is now up to the plaintiff to show that it has not. Plaintiff has made no such showing. Accordingly, we find that there is no genuine issue of material fact present in this case and Perry is entitled to summary judgment as a matter of law.

## CONCLUSION

For the reasons above, the defendant's Motion for Summary Judgment should be **GRANTED** and the plaintiff's claim should be **DISMISSED**.

THUS DONE AND SIGNED in Chambers this 24th day of August, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE